

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00179-CR

_____

HOMERO CONTRERAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 22nd District Court
Hays County, Texas
Trial Court No. CR-17-0252

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Appellant Homero Contreras was convicted of aggravated sexual assault and sentenced to seventeen years' imprisonment. This is his direct appeal from that conviction. Contreras' sentence was imposed on June 15, 2018, making July 16, 2018, the deadline for filing his notice of appeal. On July 15, 2018, Contreras' court-appointed trial counsel submitted, as a single, consolidated submission, a notice of appeal, a motion to withdraw as counsel, and a proposed order on the motion to withdraw to the Hays County District Clerk's Office[1] through Texas' e-filing system. That submission was rejected by the Hays County District Clerk's Office on July 16, 2018, and counsel's efforts to re-file the rejected documents were unsuccessful on the afternoon of July 16, 2018. On September 10, 2018, counsel filed Contreras' notice of appeal in the Third Court of Appeals, along with a motion for an extension of time in which to file the notice of appeal. Subsequently, the case was transferred to this Court.

Rule 2.3(a) of the Rules Governing Electronic Filing in Criminal Cases states,

> (a)  Unless a statute, rule, or court order requires that a document be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the day of the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, except:
>
> > (1)  if a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday . . . .

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

TEX. R. GOV. ELEC. FILING CRIM. CASES 2.3(a). Rule 2.6 of those Rules states, "The clerk may not refuse a document that fails to conform to these rules." TEX. R. GOV. ELEC. FILING CRIM. CASES 2.3(a). Under these Rules and on the facts of this case, we do not believe that the Hays County District Clerk's Office was authorized to reject Contreras' notice of appeal. Rather, we find that the notice was timely filed at the time that is was transmitted to the electronic filing service provider by Contreras' court-appointed trial counsel. Consequently, Contreras' motion for an out-of-time appeal is moot. More importantly, we lack the authority to grant an out-of-time appeal. Contreras' motion for an out-of-time appeal is denied.

Additionally, Contreras' attorney, Eric S. Rosen, has filed a motion in this Court seeking to withdraw as counsel and claiming that he was appointed to represent Contreras at trial only. We deny Rosen's motion to withdraw, but we abate the matter to the trial court to determine whether new appellate counsel should be appointed. If the trial court determines that new appellate counsel should be appointed, then it should make the appointment, enter a written memorialization of the appointment into the record of the case, and present the written memorialization to this Court in the form of a supplemental clerk's record within five days of the date of this order, or on or before October 30, 2018. If new appellate counsel is appointed, then Rosen's obligations in this matter will come to an end, and he need file nothing further in this matter. If the trial court determines that Rosen should continue as Contreras' appellate counsel, then it shall enter a written memorialization of that finding into the record of the case and present that written memorialization to this Court in the form of a supplemental clerk's record within five days of the date of this order, or on or before October 30, 2018.

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date:   October 25, 2018